Filed 12/24/25  P. v. Ramos CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RUBEN SALGADO RAMOS, JR.,<br><br>Defendant and Appellant. | B336304<br><br>(Los Angeles County Super. Ct. No. MA062453) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge.  Affirmed.

Susan Morrow Maxwell, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Stephanie Yee, Deputy Attorney General, for Plaintiff and Respondent.

## I. INTRODUCTION

Defendant Ruben Salgado Ramos, Jr., filed a
"Petition/Motion for Recall and Modification of Sentence"
(resentencing petition) pursuant to Penal Code section 1172.75.[1]
The trial court granted the resentencing petition, striking two
prior prison term enhancements but denied defendant's request
to strike his prior strike enhancement.  We affirm.

## II. PROCEDURAL BACKGROUND

On August 4, 2014, a jury convicted defendant of rape of an
unconscious person (§ 261, subd. (a)(4), count 1) and three counts
of dissuading a witness (§ 136.1, subd. (b)(1), counts 2–4).
Defendant admitted that he suffered a prior strike conviction
under the Three Strikes law (§§ 667, subds. (b)–(i) and 1170.12,
subds. (a)–(d)), suffered a prior serious or violent felony
conviction (§ 667, subd. (a)), and served two prior prison terms
(§ 667.5, subd. (b)).  The trial court sentenced defendant to 50
years in state prison.  (*People v. Ramos* (Apr. 5, 2016, B261805)
[nonpub. opn.] (*Ramos I*).)[2]

---

[1]     All further statutory references are to the Penal Code
unless otherwise stated.

[2]     In defendant's direct appeal from his judgment of
conviction, a prior panel of this Division affirmed the section 667,
subdivision (a) five-year enhancement as to count 1, but
remanded the matter with directions to vacate that enhancement
as to counts 2 through 4.  (*Ramos I, supra*, B261805.)  A post-
remand August 22, 2016, abstract of judgment does not reflect
any of the sentence enhancements and shows a sentence of 28

On November 21, 2022, the trial court issued a minute order confirming its receipt of a recommendation from the California Department of Corrections and Rehabilitation that defendant's sentence be recalled pursuant to sections 1172.7, subdivision (a)[3] or 1172.75, subdivision (a)[4]. The court set a status conference and appointed counsel for defendant.

On July 7, 2023, defendant's counsel filed defendant's resentencing petition. In the resentencing petition, defendant argued he was serving two invalid one-year terms pursuant to section 667.5, subdivision (b) and asked the court to strike those terms and conduct a full resentencing hearing. Defendant also asked that the court strike his prior strike conviction pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero* motion).

---

years. An August 15, 2022, abstract reflects the single five-year section 667, subdivision (a) enhancement and the two one-year section 667.5, subdivision (b) enhancements and a sentence of 35 years.

[3]   Section 1172.7, subdivision (a) provides, "Any sentence enhancement that was imposed prior to January 1, 2018, pursuant to Section 11370.2 of the Health and Safety Code, except for any enhancement imposed for a prior conviction of violating or conspiring to violate Section 11380 of the Health and Safety Code is legally invalid."

[4]   Section 1172.75, subdivision (a) provides, "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid."

At the hearing on the resentencing petition, the trial court recalled defendant's sentence, determined that his two section 667.5, subdivision (b) sentence enhancements were legally invalid, and struck them.  The court, which had presided over defendant's trial, stated that it "recall[e]d the case, and it was egregious in the court's mind."  It then recited the facts of defendant's criminal conduct, including his threats to witnesses which demonstrated he posed "a threat to anybody who challenge[d] him . . . ."  The court also noted that it had considered, among other factors, defendant's age, his criminal conduct, his criminal history, and his "post-conviction growth and maturity" which it described as "very limited."  The court declined to grant defendant's *Romero* motion, finding defendant's criminal behavior "[a]bsolutely and utterly egregious" and his rape victim "completely and utterly vulnerable".

The trial court then resentenced defendant to 33 years in state prison.  On defendant's conviction for rape of an unconscious person, the court sentenced defendant to 21 years— the upper term of eight years doubled under the Three Strikes law plus five years for the section 667, subdivision (a) enhancement.  On defendant's three convictions for dissuading a witness, the court sentenced defendant to three consecutive terms of four years.  In imposing the upper term on defendant's rape conviction, the court stated:

"[W]ith respect to the upper term, . . . defendant's prior strike, and I think the court can make a finding even independently today, even if we had a jury trial today, that would be within the purview of the court making her findings as to support the imposing of an upper term.

4

"In particular, looking at his probation report, his crimes are of increasing seriousness. His adult history dates back to 1990 involving a [conviction under section] 245[, subdivision] (a)(1) as a misdemeanor; 2001, threats initially filed as a felony, pled out to—or resolved as a misdemeanor; 2003, D.U.I. and threats where he went to state prison, and I believe that's the basis for the strike.

"He had a threats conviction in 2005 as a misdemeanor; grand theft as a felony in 2006; 2010, D.U.I.; 2011, D.U.I.; 2012, drugs; and then drunk in public in 2013; drunk in public 2023.

"So he has crimes of increasing seriousness, and he has a prior prison term. So I believe both of those would support the court granting, even if it was today, the high term.

"And for those reasons . . . the court finds by clear and convincing evidence that imposing a lesser sentence would, in fact, endanger public safety, and I'll respectfully deny the request for a full resentencing and only strike the legally invalid prior enhancements."[5]

On December 22, 2023, defendant filed a notice of appeal and we appointed counsel to represent him. On December 29, 2023, the trial court issued an abstract of judgment reflecting defendant's new 33-year term sentence.

On April 22, 2025, defendant's appellate counsel filed an opening brief in which counsel did not identify any arguable issues and requested that we follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). The following day, we notified defendant that appointed counsel had

---

[5]     Notwithstanding the trial court's statement that it declined to resentence defendant, the record reflects that it resentenced him.

filed an opening brief that did not raise any issues and defendant had 30 days within which to submit a supplemental brief or letter stating any grounds for an appeal, contentions, or arguments that he wished us to consider.

On May 5, 2025, defendant filed a supplemental brief stating he has behaved during his time in prison and completed "many courses."  Accordingly, he requested that we strike his prior strike conviction.

On July 1, 2025, we requested the parties to address in letter briefs whether, in light of the Supreme Court's recent decision in *People v. Wiley* (2025) 17 Cal.5th 1069, the trial court erred in relying on the increasing seriousness of defendant's crimes and the fact that he had served a prior prison term to impose the upper term in resentencing defendant, and whether any such error was harmless under *Chapman v. California* (1967) 386 U.S. 18.

6

# III.   DISCUSSION[6]

## A.   Romero *Motion*

In his supplemental brief, defendant contends the trial court abused its discretion in denying his *Romero* motion because it failed to properly consider his good behavior while incarcerated and his participation in prison classes.  We disagree.

When a trial court recalls a sentence under section 1172.75, it conducts a full resentencing.  (*People v. Rogers* (2025) 108 Cal.App.5th 340, 361.)  As part of a full resentencing, a defendant may bring a new *Romero* motion.  (*Id.* at pp. 361–362.)  We review the denial of a *Romero* motion for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 376.)

In denying defendant's *Romero* motion, the trial court noted defendant had been in custody since 2016 and had what appeared to be a "very minimal" disciplinary record—he had not sustained any rules violations since 2018.  Although the court complimented defendant for staying out of trouble, it noted that following the rules is "what we[ ] are all supposed to do . . . ."

---

[6]     Although we have discretion to review independently the entire record, we limit our review to the issues raised in defendant's supplemental brief and identified in our letter to the parties.  (*Delgadillo*, *supra*, 14 Cal.5th at p. 232 [where the defendant's attorney finds no arguable issues in an appeal from the denial of a section 1172.6 petition and the defendant files a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion," but it is "wholly within the court's discretion" whether to conduct an independent review of the entire record].)

The trial court also noted defendant took three classes while incarcerated and found, "[T]hat's not very much. Taking three classes in seven years is not really taking full advantage of the opportunities that are potentially available to him." Moreover, it found that "a couple of classes in seven years [was] not . . . sufficient to override what the court initially observed of the defendant, of this case, and the nature of this case."

Contrary to defendant's assertion, the trial court considered defendant's prison disciplinary record and participation in prison classes. But it nevertheless concluded that conduct did not justify granting the motion in light of his "[a]bsolutely and utterly egregious" criminal behavior in raping a "completely and utterly vulnerable" victim. Because the court's conclusion was not beyond the bounds of reason, it did not abuse its discretion in denying the *Romero* motion.

B.    *Upper Term Sentence*

Defendant contends the trial court erred in making factual findings on the increasing seriousness of his crimes when sentencing him to the upper term pursuant to section 1172.75. According to defendant, under the Sixth Amendment, he was entitled to have the jury decide whether his prior crimes were of increasing seriousness. We disagree.

8

### 1. Standard of Review

"'The proper interpretation of a statute is a question of law we review de novo. [Citations.]'" (*People v. Walker* (2024) 16 Cal.5th 1024, 1032.) When statutory language is unambiguous, its plain meaning controls. (*People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 466 (*Brannon-Thompson*).)

### 2. Legal Principles and Analysis

Until 2007, section 1170, subdivision (b) provided that "the court shall order imposition of the middle term, unless there are circumstances in aggravation or mitigation of the crime." (§ 1170, former subd. (b); Stats. 1977, ch. 165, § 15; *People v. Mathis* (2025) 111 Cal.App.5th 359, 370, review granted Aug. 13, 2025, S291628 (*Mathis*).) "In 2007, however, the United States Supreme Court held that California's upper term sentencing scheme violated the Sixth Amendment right to a jury trial because it allowed a defendant's prison sentence to be increased beyond the statutory maximum based on facts that had not been found true beyond a reasonable doubt by a jury or admitted by the defendant. (See *Cunningham v. California* (2007) 549 U.S. 270, 274–275 . . . (*Cunningham*); see also [*People v.*] *Lynch* [(2024)] 16 Cal.5th [730,] 746–747.)" (*Mathis, supra,* 111 Cal.App.5th at p. 370.)

The court in *Cunningham, supra,* 549 U.S. 270, explained the Sixth Amendment requires any fact that exposes a defendant to a potentially greater sentence, except for prior conviction allegations, must be found by a jury beyond a reasonable doubt. (*Mathis, supra,* 111 Cal.App.5th at p. 370.) "*Cunningham* noted

9

that California could comply with the Sixth Amendment either by [(1)] requiring jury findings for any facts necessary to impose an aggravated sentence, or by [(2)] authorizing sentencing courts "'to exercise broad discretion . . . within a statutory range.'"" (*Id.* at pp. 370–371.)

In 2007, the California Legislature responded to *Cunningham*, *supra*, 549 U.S. 270, by amending section 1170, subdivision (b) to grant trial courts broad discretion to choose between the lower, middle, and upper terms—that is, it adopted *Cunningham's* second option. (*Mathis*, *supra*, 111 Cal.App.5th at p. 371.) Effective January 1, 2022, the Legislature changed course and adopted *Cunningham's* first option, amending section 1170, subdivisions (b)(1) and (2) in part to provide that when a "'statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term,'" unless "'there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial.' [Citations.]" (*Mathis*, *supra*, 111 Cal.App.5th at p. 371.)

Section 1172.75, subdivision (d)(4) provides, "Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

There is a split of authority on whether section 1172.75, subdivision (d)(4) permits a trial court to reimpose an upper term sentence where the facts underlying an aggravating circumstance were neither stipulated to by the defendant nor found true by the trier of fact beyond a reasonable doubt. (Compare *Brannon-Thompson, supra,* 104 Cal.App.5th at pp. 466–467 [a court may reimpose an upper term originally imposed] and *People v. Gonzalez* (2024) 107 Cal.App.5th 312, 330 (*Gonzalez*) [rejecting *Brannon-Thompson*'s construction of section 1172.75, subdivision (d)(4)].)[7] Pending resolution of the issue by the Supreme Court, we will follow *Brannon-Thompson, supra,* 104 Cal.App.5th at pages 466-467 and conclude that the trial court did not err when it resentenced defendant to the upper term.

---

[7] Our Supreme Court has granted a petition for review to address the split between *Brannon-Thompson* and *Gonzalez.* (*Mathis, supra,* 111 Cal.App.5th 373, fn. 6, citing *People v. Eaton* (Mar. 14, 2025, C096853) [nonpub. opn.], review granted May 14, 2025, S289903).)

## IV.   DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM (D.), J.

We concur:

BAKER, Acting P. J.

MOOR, J.

12